IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BROOKS JAY TRANSPORTATION, INC.,

                    Plaintiff,                    OPINION AND ORDER

v.

                                               17-cv-084-wmc

FEDEX GROUND PACKAGE SYSTEM, INC.,

                    Defendant.

In this lawsuit sounding under the court's diversity jurisdiction, plaintiff Brooks Jay Transportation, Inc., ("Brooks") alleges that defendant FedEx Ground Package System, Inc., breached their written operating agreement by transferring a client account within Brooks' service area to another ground transportation provider. In addition to asserting this seemingly straight-forward breach of contract claim, plaintiff pleads a related claim for breach of FedEx's duty of good faith and fair dealing implied in that contract, as well as various other claims based on an alleged oral contract and civil theft claim. Before the court is defendant's motion to dismiss these other claims under Federal Rule of Civil Procedure 12(b)(6). (Dkt. #14.) Because the court agrees with defendant FedEx that plaintiff Brooks has failed to state claims other than its straightforward breach of contract claim, the court will grant the motion to dismiss.

ALLEGATIONS OF FACT[1]

Brooks is in the business of providing ground transportation for the pick-up and

---

[1] In resolving a motion to dismiss under Rule 12(b)(6), the court takes all of the factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

delivery of packages and cargo in Wisconsin. In 2015, Brooks and defendant FedEx executed a Pick-Up and Delivery Contractor Operating Agreement (the "Operating Agreement") in which Brooks agreed to retrieve and deliver packages to customers designated by FedEx. Brooks' deployments are coordinated out of its FedEx's station in Madison, Wisconsin, FedEx. In turn, addendum 4 to the Operating Agreement identifies Brooks' primary delivery service areas.[2]

EcoLab is a FedEx customer. Generally, servicing EcoLab requires four daily tractor-trailer pickups by FedEx Monday through Friday, in addition to occasional pickups on Saturdays. EcoLab was previously located in South Beloit, Illinois, during which time, its needs were serviced out of FedEx's Rockford, Illinois, station. As a result, Brooks did not provide any pick-up or delivery services to EcoLab.

In or around September and October 2015, however, Brooks' owner James McMahon had conversations with FedEx employees James Wambach, senior manager of the Madison station, and John Torok, linehaul supervisor, about EcoLab's possible move to Wisconsin and Brooks then taking over service of that account. Consistent with those conversations, EcoLab did in fact move its lab in October 2015, across the state line to Beloit, Wisconsin, which is within Brooks' service area. Moreover, from the time of the move until the end of November or early December 2015, Brooks provided all of FedEx pickup service needs at EcoLab's new location.

---

[2] In the original complaint and in the amended complaint, plaintiff represents that the Operating Agreement, including all addenda, are attached. (Compl. (dkt. #1-1) ¶ 7; Am. Compl. (dkt. #13) ¶ 9.) As far as the court can tell, however, plaintiff failed to attach these documents, nor did defendant attach them to its motion to dismiss. Review of the specific documents may have been helpful in considering defendant's motion to dismiss, but ultimately is not necessary for the reasons explained below.

In late November or early December, however, Wambach informed McMahon that it would be more profitable for FedEx Ground to take EcoLab pickups to FedEx's Rockford station. Plaintiff further alleges Wambach then gave McMahon just two days to try to sell the EcoLab service route to another FedEx contractor that takes pickups to the Rockford station. Shortly thereafter, FedEx gave the EcoLab pick-up service to another contractor, without compensating Brooks.

OPINION

Plaintiff asserts the following causes of action: (1) breach of the operating agreement, specifically, Section 5.1, which plaintiff represents provides that "Brooks Jay will be responsible for daily pick-up and delivery of packages in Brooks Jay's service area" (Am. Compl. (dkt. #13) ¶ 43); (2) breach of duty of good faith and fair dealing, which also concerns removal of a customer account in breach of the operating agreement; (3) breach of oral contract, based on Wambach and Torok's alleged representations that Brooks would service the EcoLab account from its new Wisconsin location; (4) breach of duty of good faith and fair dealing implied in that oral contract; (5) specific performance; and (6) civil theft under Wis. Stat. §§ 943.20 and 895.446, based on FedEx's alleged taking of a customer account in which plaintiff contends it has a proprietary interest.

Other than count I -- the breach of the written contract claim -- defendant seeks dismissal of all claims on the basis that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is only warranted if no recourse could be granted under any set of facts consistent with the

allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In response to defendant's motion to dismiss, plaintiff curiously cites cases discussing the notice pleading requirement that date back to the 1950s.  (Pl.'s Opp'n (dkt. #15) 2-3 (citing, as an example, *Temperato v. Rainbolt*, 163 F. Supp. 744, 746 (E.D. Ill. 1957 (for the proposition that "no pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim upon which it is called to defend").)  Even putting aside more recent cases requiring pleadings to be plausible like *Iqbal* and *Twombly*, plaintiff's discussion of the appropriate standard of review appears to concern itself with the pleading requirements under Rule 8(a), while defendant's motion challenges the legal basis for plaintiff's various claims under Rule 12(b)(6).  The court will address each claim under that standard.

### I. Motion to Dismiss Breach of Good Faith and Fair Dealing Claims

First, defendant seeks dismissal of plaintiff's two, breach of duty of good faith and fair dealing claims -- one sounding in the parties' Operating Agreement; the other in their alleged oral contract.  Because of a forum selection provision in the Operating Agreement, the parties agree that Pennsylvania law governs.  (Def.'s Mot. (dkt. #14) 3; Pl.'s Opp'n (dkt. #15) 2.)  Citing cases in support, therefore, defendant seeks dismissal of these claims because "Pennsylvania law does not recognize a claim for breach of the implied covenant of good faith and fair dealing that is distinct from a claim for breach of contract."  (Def.'s Mot. (dkt. #14) 3.)  On all of this, there appears no dispute between the parties.  Indeed, plaintiff not only agrees that Pennsylvania law governs but concedes

that it is "undisputed that Pennsylvania law . . . does not recognize a separate claim for the breach of the duty of good faith and fair dealing from a breach of contract." (Pl.'s Opp'n (dkt. #14) 2-3.)

Still, for reasons that are entirely unclear, plaintiff contends that "Brooks Jay could recover damages under a breach of contract theory based upon FedEx's breach of duty of good faith and fair dealing," and therefore concludes that the claim "should stand." (Pl.'s Opp'n (dkt. #14) 3.) The latter clause is a non-sequitur. Since the parties agree with clear caselaw cited by defendant that no breach of duty of good faith and fair dealing claim stands *independent* of the underlying breach of contract claim under Pennsylvania law, the court will grant this portion of the motion and dismiss counts 2 and 4.

The court will leave for another day whether a jury could find FedEx liable for breach of contract based on this implied duty or just consider such a breach in determining damages.[3]

## II. Motion to Dismiss Breach of Oral Contract Claim

Defendant also seeks to dismiss plaintiff's breach of on an oral contract claim as duplicative of the written contract claim. Here, too, plaintiff effectively concedes that it is relying on the same contract (and, thus, the same breach), but again relies on the Rule 8 pleading standard to argue that the claim should remain because "[p]laintiff has plead

---

[3] Curiously, as set forth above, *defendant* appears to concede the former is Pennsylvania law while plaintiff responds by asserting the narrower, latter is the law. The court will hold neither party to their current positions but expects both will provide substantially greater clarity as to the law, if not at summary judgment, than at least at trial.

the oral breach of contract action with sufficient specificity to alert Defendant as to the nature of the claim upon which it is to defend." (Pl.'s Opp'n (dkt. #15) 4.) Once again, that is not the test under Rule 12(b)(6).

As plaintiff effectively concedes in its opposition, the allegations supporting the breach of contract claim are the *same* allegations as those underlying the breach of contract claim based on the Operating Agreement. Plaintiff is not alleging that the oral contract was a new contract or even an amendment to the Operating Agreement. Rather, plaintiff alleges that FedEx employees told Brooks' employees that they would be servicing EcoLab after it moved within Brooks' Wisconsin territory under the express terms of the Operating Agreement service area provision (or at least under plaintiff's interpretation of that provision). This theory is the same as plaintiff's allegations regarding the written contract. While plaintiff may well be able to introduce their oral discussions as statements of a party opponent if inconsistent with FedEx's own interpretation of the contract at trial, Brooks fails to state a separate claim for breach of an oral contract, or at the very least, plaintiff has failed to adequately plead a separate "claim upon which relief can be granted." Accordingly, the court will dismiss this claim under Rule 12(b)(6) as well.

## III. Specific Performance

Next, defendant contends that the court should dismiss plaintiff's claim for specific performance because it has not plead that contract damages are inadequate. (Def.'s Mot. (dkt. #14) 5-6 (citing Pennsylvania cases for the proposition that "specific performance only is available in the absence of an adequate remedy at law").) Indeed,

plaintiff's complaint does not allege that monetary damages are inadequate; instead, it simply alleges that the breach is material. In response, plaintiff argues that specific performance is *available* if damages cannot be computed or ascertained. The court agrees, but plaintiff's failure to plead *any* basis for inferring that monetary damages would be inadequate precludes a request for specific performance, even at the pleading stage.[4] As such, the court will grant the motion to dismiss as to this cause of action as well.

## IV. Civil Theft Claim

Finally, defendant seeks to dismiss plaintiff's civil theft claim under Wis. Stat. §§ 943.20 and 895.446, directing the court to the plain language of the statute limiting such a claim to "moveable property." More specifically, defendant quotes Wis. Stat. § 943.20(2)(ag), which provides that "moveable property" does not include intangible contract rights, but only "documents which represent or embody [such] rights." (Def.'s Mot. (dkt. #14) 6-7.) Here, too, plaintiff would hang its hat on having provided fair notice of the claim under Rule 8, while failing to address defendant's argument that the claim fails as a matter of law under Rule 12(b)(6), because there is no movable property at stake. To the extent plaintiff is also attempting to rely on some kind of "physical contract," such a theory does not save its civil theft claim. Plaintiff is *not* alleging that FedEx stole the contract; rather, its theory is that defendant impermissibly transferred (or

---

[4] While plaintiff is correct that it need not *prove* at the pleading stage that its damages cannot be computed or ascertained, it must at least allege in good faith a basis for so finding. This is no mere technical requirement, since it is not at all obvious why monetary damages would *not* be adequate here. Still, unlike the other counts, the court would entertain an amended pleading with respect to specific performance *if* plaintiff can allege in good faith facts sufficient to permit a reasonable inference that contract damages are somehow insufficient

7

stole) its contractual right to service a customer account. That intangible right is most certainly not movable property. Accordingly, the court again agrees with defendant that the amended complaint fails to state a claim for civil theft.

While plaintiff attempts to characterize defendant's motion to dismiss as "over-litigation," the motion would not have been necessary had plaintiff met its obligation to allege only those legal claims that fit the facts alleged and the applicable law. This case is a straightforward breach of contract case, nothing more. Plaintiff would be well advised to focus on that claim going forward.

## ORDER

IT IS ORDERED that:

(1) defendant FedEx Ground Package System, Inc.'s motion to dismiss the amended complaint (dkt. #14) is GRANTED;

(2) Counts II through VI are DISMISSED for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); and

(3) the parties' deadlines to file motions for summary judgment is December 1, 201**7**.

Entered this 3rd day of November, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge